UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., a New Jersey corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRETT SAEVITZON; ALL THE J'S LLC; SPOT ON DIRECT RESPONSE, LLC; D R PRODUCT GROUP, LLC; PAUL VON MOHR; INTERACTIVE GROUP LLC; PREXIO TOYS LTD. and INFOMERCIALS, INC.;<br><br>Defendants. | Civil Action No.: 11-7548(WJM)(MF)<br><br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>*(Document Electronically Filed)* |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

---

**HARTMANN DOHERTY
ROSA BERMAN & BULBULIA, LLC**
65 Route 4 East
River Edge, New Jersey 07661
(201) 441-9056

**BESHADA FARNESE LLP**
108 Wanaque Avenue
Pompton Lakes, New Jersey 07442
(973) 831-9910

*Attorneys for Plaintiff
IdeaVillage Products Corp*

*Of Counsel and on the Brief:*
Michael G. Langan, Esq.

*On the Brief:*
Kelly A. Zampino, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . 1
STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . 1
LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 3
POINT I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    DEFENDANTS' NOTICE OF REMOVAL IS DEFECTIVE AS
    THERE IS NOT UNANIMITY AMONG ALL DEFENDANTS . . . . . . . . 3
POINT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    THE DISTRICT COURT LACKS FEDERAL SUBJECT MATTER
    JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . .5
    A.  THERE IS NOT COMPLETE DIVERSITY IN THIS MATTER . . . . 5
    B.  THERE IS NO FEDERAL QUESTION PRESENTED IN
    PLAINTIFF'S COMPLAINT . . . . . . . . . . . . . . . . . . . 6
CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . .10

# TABLE OF AUTHORITIES

**CASES**

Aamaco Transmissions, Inc. v. Smith,
    756 F.Supp. 225 (E.D.Pa. 1991) . . . . . . . . . . . . . 7, 8

Balazik v. County of Dauphin,
    44 F.3d 209 (3d Cir. 1995) . . . . . . . . . . . . . . . . .4

Boyer v. Snap-On Tools Corp.
    913 F.2d 108 (3d Cir. 1990). . . . . . . . . . . . . . . . .3

Farias v. Bexar County Board of Trustees,
    925 F.2d 866 (5th Cir. 1991) . . . . . . . . . . . . . . . .5

Gruen Marketing Corp. v. Benrus Watch Co., Inc.,
    955 F.Supp.979 (N.D.Ill. 1997) . . . . . . . . . . . . . 7, 8

Michaels v. State of N.J.,
    955 F.Supp. 315 (D.N.J. 1996) . . . . . . . . . . . . . . . 5

Moog Controls, Inc. v. Moog, Inc.,
    923 F.Supp. 427 (W.D.N.Y. 1996) . . . . . . . . . . . . 7, 8

Shoney's Inc. v. Schoenbaum,
    686 F.Supp. 554 (E.D.Va. 1988) . . . . . . . . . . . . . 7, 8

Silverstar Enterprises, Inc. v. Aday,
    537 F.Supp. 236 (S.D.N.Y. 1982) . . . . . . . . . . 7, 8, 9

Staff Builders of Philadelphia, Inc. v. Koschitzki,
    1989 WL 974707 (E.D.Pa. August 18, 1989) . . . . . . . . 7, 8

Tap Publications, Inc. v. Chinese Yellow Pages (New York) Inc.,
    925 F.Supp. 212 (S.D.N.Y. 1996) . . . . . . . . . . . . 7, 8

T.B. Harms Co. v. Eliscu,
    339 F.2d 823 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85
S.Ct. 1534, 14 L.Ed.2d 435 (1965) . . . . . . . . . . . .7, 8, 9

Zerand-Bernal Group, Inc. v. Cox,
    23 F.3d 159 (7th Cir.1994) . . . . . . . . . . . . . . . 7, 8

**STATUTES**

| | |
|---|---|
| 15 U.S.C. § 1051 | 6 |
| 28 U.S.C. § 1332 | 5 |
| 28 U.S.C. § 1446 | 4 |
| 28 U.S.C. § 1447 | 2 |

**PRELIMINARY STATEMENT**

The Removal Petition filed by Defendant Paul von Mohr is facially defective and patently frivolous and, therefore, this Court should remand the case to the Superior Court of New Jersey, Chancery Division, Passaic County, on an expedited basis. As discussed in further detail below, the Removal Petition is facially defective as there is not unanimity among all defendants. Notwithstanding the technical deficiency of the Removal Petition, this Court also lacks subject matter jurisdiction because: (1) the Verified Complaint involves parties that are not completely diverse; and (2) there is no federal question presented.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On December 7, 2011, Plaintiff IdeaVillage Products Corp. ("IDV") filed an Order to Show Cause in the Superior Court of New Jersey, Chancery Division, Passaic County, seeking an injunction and other equitable relief against Defendants under New Jersey law. More specifically, IDV seeks to enforce its rights under an exclusive consulting agreement with Defendant Brett Saevitzon, whereby IDV was afforded exclusive rights to the products developed by Saevitzon during the parties' relationship, which continued through the end of August 2011.

One such product, which is the subject of this litigation, is "Stompeez", a children's slipper/plush toy.

The Order to Show Cause was entered by the Superior Court (Hon. Margaret Mary McVeigh, P.J.Ch.) and an initial hearing was scheduled for December 16, 2011. The return date was adjourned to January 6, 2012, based upon a purported scheduling conflict on the part of Defendant Saevitzon.

On December 28, 2011, just one day before Defendants' opposition papers were due to be filed in Superior Court, Defendant von Mohr (Defendant Saevitzon's business partner in Spot On Direct Response, LLC) filed a "Notice of Removal" (hereinafter the "Removal Petition") with this Court. On December 30, 2011, Defendants Saevitzon and Spot On filed a motion to dismiss the Verified Complaint, which is predicated entirely on New Jersey law. Defendants' motion is based upon federal pleading standards.[1]

This Motion to Remand is timely pursuant to 28 U.S.C. § 1447(c), as it has been filed within thirty (30) days of Defendants' Notice of Removal. As indicated in the Declaration of Donald A. Beshada, Esq., an expedited hearing of Plaintiff's

---

[1] Defendant von Mohr asserts in his Removal Petition that Defendants Saevitzon and Spot On have consented to the removal of the action. To date, said Defendants have not filed a formal joinder petition with the Court. Nevertheless, given the relationship of these Defendants, it is obvious that the removal of the case was coordinated by and between them. To date, none of the other Defendants have appeared or joined in the removal.

2

application for a preliminary injunction is critically important, as in the absence of injunctive relief, IDV will suffer irreparable harm. Specifically, in the absence of injunctive relief, there will be continuing harm to the Stompeez brand due to Defendants' failure to deliver the product to consumers. Accordingly, Plaintiff respectfully requests that this Court remand this action to the state court as expeditiously as possible.

## LEGAL ARGUMENT

### POINT I

### DEFENDANTS' NOTICE OF REMOVAL IS DEFECTIVE AS THERE IS NOT UNANIMITY AMONG ALL DEFENDANTS

It is well settled that removal statutes are an infringement on the power of states and must be strictly construed in favor of state court jurisdiction. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Thus, any doubts concerning the removal procedure should be determined in favor of remand. Id.

Here, the Removal Petition is technically deficient, as not all Defendants (all of which have been served in accordance with the New Jersey Superior Court's Order to Show Cause, dated December 7, 2011) have joined in the petition, as required by 28

U.S.C. § 1446(a).² See e.g., Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)("[d]espite the ambiguity of the term 'defendant or defendants' [in Section 1446(a)], it is well established that removal generally requires unanimity among the defendants.") Notwithstanding Defendant von Mohr's unsupported and self-serving contention, through the unsworn statements of his counsel, Defendant Interactive Group ("IG"), a New Jersey-based limited liability company, is more than a "nominal" party.

IG advertises Stompeez, the product at issue, on its website and is seeking to distribute and sell the product in retail in the U.S. (and possibly elsewhere). Prior to this litigation, IG (through service at its New Jersey office) was placed on notice of IDV's claims, with a request to "cease and desist" all further business activities with respect to Stompeez. Verified Complaint at ¶ 46.³ As set forth in the Verified Complaint, rather than cease and desist, IG simply ignored the demand and has continued to advertise the product and solicit U.S. retailers for product placement. Accordingly, the Verified Complaint includes claims against IG for tortious interference and unfair competition under New Jersey common law. See Michaels v. State of N.J., 955 F.Supp. 315, 320 (D.N.J.

---

² Attached to the Declaration of Donald A. Beshada, Exhibit D is a true copy of Proof of Service on Defendant IG.
³ Plaintiff's Verified Complaint is attached to Defendants' Removal Petition as Attachment 1.

4

1996) (citing <u>Farias v. Bexar County Board of Trustees</u>, 925 F.2d 866, 871 (5th Cir. 1991) (to establish that a non-removing party is a nominal party, *the removing party must show* that there is *no possibility* that the plaintiff would be able to establish a cause of action against the non-removing defendant in state court)(emphasis added)). As such, IG cannot be classified as simply "nominal" in this case and its non-diverse status and failure to join in the removal necessitate immediate remand to the state court.

### POINT II

### THE DISTRICT COURT LACKS FEDERAL SUBJECT MATTER JURISDICTION

#### A. THERE IS NOT COMPLETE DIVERSITY IN THIS MATTER

Contrary to Defendants' assertion, there is not complete diversity in this matter pursuant to 28 U.S.C. § 1332. As set forth in the operative Complaint, Plaintiff IDV is a New Jersey company and, thus, is a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c)(1). Defendant IG -- which advertises Stompeez as one of its brands -- is a New Jersey Limited Liability Company and, thus, is a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c)(1). <u>See</u> Declaration of Donald A. Beshada, Exhibits D and E. Accordingly, there is not complete diversity of citizenship.

5

### B. THERE IS NO FEDERAL QUESTION PRESENTED IN PLAINTIFF'S COMPLAINT

This Court also lacks federal subject matter jurisdiction because there is no federal question presented on the face of the Verified Complaint. As a threshold matter, the operative Complaint does not plead a cause of action under the Lanham Act, 15 U.S.C. § 1051 *et seq.* Ironically, despite Defendants' assertion that the causes of action pose one or more substantial federal questions, Defendants Saevitzon and Spot On have filed a Motion to Dismiss, returnable on February 6, 2012, alleging that Plaintiff has failed to state a claim under the Lanham Act (citing to Plaintiff's unfair competition claim under New Jersey common law). Thus, on the one hand, Defendants argue that Plaintiff's claims, although predicated on New Jersey common law, implicate trademark violations and, therefore, that there is federal jurisdiction. On the other hand, Defendants argue that Plaintiff does not have a cognizable claim under the Lanham Act. Defendants should be estopped from taking such inconsistent positions, especially when no federal claim was alleged or intended by IDV.[4]

---

[4] There is no reference to the Lanham Act in the Verified Complaint and it is clear that IDV is only alleging claims under state law. Further, it is clear from Plaintiff's brief in support of the Order to Show Cause (served on December 7, 2011) that it is alleging a state law claim of unfair competition. The brief cites to only New Jersey state cases and, consistent

6

Defendants also place undue reliance on the Stompeez trademark, which they registered without the knowledge or authorization of IDV. It is well settled, as a matter of federal common law, that state law breach of contract claims do not invoke the Lanham Act where, as here, a party is simply seeking to assert its rights under a contract, irrespective of whether or not the contract deals with intellectual property. Silverstar Enterprises, Inc. v. Aday, 537 F.Supp. 236, 242 (S.D.N.Y. 1982). Accord T.B. Harms Co. v. Eliscu, 339 F.2d 823, 826 (2d Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); Aamaco Transmissions, Inc. v. Smith, 756 F.Supp. 225, 227 (E.D.Pa. 1991); Staff Builders of Philadelphia, Inc. v. Koschitzki, 1989 WL 974707 at * 2 (E.D.Pa. August 18, 1989); Shoney's Inc. v. Schoenbaum, 686 F.Supp. 554, 563-64 (E.D.Va. 1988); Tap Publications, Inc. v. Chinese Yellow Pages (New York) Inc., 925 F.Supp. 212, 217 (S.D.N.Y. 1996); Moog Controls, Inc. v. Moog, Inc., 923 F.Supp. 427, 430 (W.D.N.Y. 1996); Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 162 (7th Cir.1994); Gruen Marketing Corp. v. Benrus Watch Co., Inc., 955 F.Supp.979, 983 (N.D.Ill. 1997). Thus, the mere existence of a trademark does not confer federal jurisdiction over a contract dispute.

---

with the Verified Complaint, makes no reference to the Lanham Act, directly or indirectly.

7

Indeed, Silverstar Enterprises, Inc. v. Aday, supra, 537 F.Supp. at 242, is directly on point on this issue, holding that a contract dispute between an exclusive licensee and a licensor over the right to use a trademark is determined by principles of state contract law (as it is the contract that defines the parties' relationship), and not the Lanham Act (which, in contrast, establishes marketplace rules governing the conduct of third parties) and several other district courts, including courts within the Third Circuit, have adopted and followed that same reasoning. See T.B. Harms Co. v. Eliscu, supra, 339 F.2d at 826; Aamaco Transmissions, Inc. v. Smith, supra, 756 F.Supp. at 2270; Staff Builders of Philadelphia, Inc. v. Koschitzki, supra, at * 2; Shoney's Inc. v. Schoenbaum, supra, 686 F.Supp. at 563-64; Tap Publications, Inc. v. Chinese Yellow Pages (New York) Inc., supra, 925 F.Supp. at 217; Moog Controls, Inc. v. Moog, Inc., supra, 923 F.Supp. at 430; Zerand-Bernal Group, Inc. v. Cox, supra, 23 F.3d at 162; Gruen Marketing Corp. v. Benrus Watch Co., Inc., supra, 955 F.Supp. at 983. In short, IDV's state law breach of contract action, indisputably, does not involve a federal question.

Courts have further cautioned against a broad reading of federal subject matter jurisdiction in regard to patents and copyrights -- specifically in the context of actions which

assert contract claims and only incidentally involve patents and copyrights:

> . . . [T]he federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law. Indeed, the case for an unexpansive reading of the provision conferring exclusive jurisdiction with respect to patents and copyrights has been especially strong since expansion would entail depriving the state courts of any jurisdiction over matters having so little federal significance.

T.B. Harms Co., supra, 339 F.2d at 826.

This rationale has been applied by other courts in the context of contract disputes that involve trademarks and should be applied here, as this is a matter for New Jersey state court. See Silverstar, supra.

Plaintiff seeks to enforce its rights under an exclusive consulting agreement and, therefore, the case should be decided by principles of contract law. Thus, a federal question is not presented and without diversity of the parties, this Court does not have subject matter jurisdiction over the action. Accordingly, the action should be remanded, forthwith, to state court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to remand this matter to the Superior Court of New Jersey on an expedited basis, with an award of fees and costs.

                          Respectfully submitted,

                          **HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
                          *Attorneys for Plaintiff*
                          *IdeaVillage Products Corp.*

                          By: /s/Michael G. Langan
                               MICHAEL G. LANGAN

DATED: January 3, 2012