UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRETT SAEVITZON, ALL THE J'S, LLC, SPOT ON DIRECT RESPONSE, LLC, D R PRODUCT GROUP, LLC, PAUL VON MOHR, INTERACTIVE GROUP, LLC, PREXIO TOYS LTD; and INFOMERICALS, INC.,<br><br>Defendants. | Case No. 11-7548 (WJM)(MF) |

**BRIEF IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

**KOZYRA & HARTZ, LLC**
75 Eisenhower Parkway, Suite 160
Roseland, New Jersey 07068
(973) 403-8344 (Telephone)
(973) 403-9652 (Telefacsimile)
Attorneys for Defendant,
Interactive Group, LLC

*On the Brief and Of Counsel:*
Raj Gadhok, Esq. (RG 4505)

**PROCEDURAL HISTORY**

This litigation arises from the filing of a Verified Complaint by Plaintiff, IdeaVillage Products Corp., against eight separate individual and entity defendants including Interactive Group, LLC.

Plaintiff's Verified Complaint was filed in the Superior Court of New Jersey, Chancery Division, Passaic County, on or about December 11, 2011. A Notice of Removal to the United States District Court, District of New Jersey, pursuant to §§1331, 1441 and 1446, was filed by Defendant, Paul von Mohr, on or about December 28, 2011.

Plaintiff has opposed the removal application and moved for remand of the matter back to the Superior Court of New Jersey. The motion is currently returnable on February 21, 2012.

Several of the defendants, including Brett Saevitzon, Spot On Direct Response, LLC, and All the J's LLC, have moved for dismissal of the Verified Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). These motions are currently returnable on February 21, 2012.

Defendant, Interactive Group, LLC, now also moves for dismissal of the Verified Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, this defendant seeks

1

(1) a more definite statement in Plaintiff's pleading as to the involvement and/or wrongdoing of Interactive Group, LLC, pursuant to Fed. R. Civ. P. 12(e), or (2) an immediate plenary hearing on this jurisdictional issue currently before the Court, pursuant to Fed. R. Civ. P. 12(i), in the interests of justice and judicial economy. The motion is also currently returnable on February 21, 2012.

**STATEMENT OF FACTS**

Defendant, Interactive Group, LLC, is a New Jersey limited liability company formed in 2009 for no purpose other than to participate in future commercial opportunities that may arise. To date, no such opportunities have arisen.

Interactive Group, LLC, does not currently have, nor has it ever had, any business relationship with any party (plaintiff or defendant) to this litigation. Moreover, Interactive Group, LLC, does not have any business relationship with the similarly named Interactive Group Limited headquartered in Hong Kong, or Defendant Prexio Toys, Ltd., as has been suggested in Plaintiff's Verified Complaint.

Other than Interactive Group, LLC, having been formed in New Jersey, the entity has never done anything. Interactive Group, LLC, has never filed tax returns, hired employees, maintained bank accounts or conducted business of any nature since its formation. The entity has been dormant since the day it was formed in 2009.

3

**LEGAL ARGUMENT**

I. **DEFENDANT INTERACTIVE GROUP, LLC, IS ENTITLED TO A DISMISSAL IN THIS ACTION SINCE THE ENTITY HAS ABSOLUTELY NO BUSINESS RELATIONSHIP WITH ANY OF THE PARTIES TO THIS LITIGATION AND HAS BEEN IMPROPERLY PLED AS A DEFENDANT**

There is no basis for Defendant, Interactive Group, LLC, to continue as a party to this action and this defendant respectfully requests that the Court dismiss Interactive Group, LLC, from the case as it would be a complete waste of the Court's and the remaining parties' time and resources moving forward with the litigation.

A. The Legal Standard for Motion to Dismiss

A court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) when a claim fails to put forth sufficient facts to state a claim upon which relief can be granted. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The claim may be dismissed if the claimant does not plead either a cognizable legal theory upon which relief can be granted or facts sufficient enough to support a cognizable legal theory. See id.

The court must draw all inferences in the light most favorable to the non-moving party and consider all allegations in the subject claim as true when deciding a 12(b)(6) motion. See Oshiver v. Levin, Fishbein, Sedran &

4

Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court, however, should not accept legal or unsupported conclusions and the pleading party must state upon what grounds relief is being sought. See Twombly, 550 U.S. at 555.

The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged and demands more than a "sheer possibility" that the defendant had acted unlawfully. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Moreover, for purposes of a motion to dismiss, although a court must accept as true all factual allegations in a complaint, that tenet is inapplicable to "legal conclusions" and a pleading that offers labels and conclusions will not do. See id.; see also Twombly, 550 U.S. at 555.

In the matter *sub judice*, Plaintiff has named Interactive Group, LLC, as a defendant, however, Plaintiff has not provided any specific allegations setting forth the entity's involvement in the business transactions at issue or any alleged wrongdoing. In fact, Interactive Group, LLC, has absolutely no relationship with Plaintiff as the entity has remained dormant since its inception in 2009. **(See Declaration of Alan J. Sutton).**

5

Plaintiff's Verified Complaint does not cite any wrongful acts of Interactive Group, LLC, and simply identifies the entity as a defendant in this matter based upon incorrect assumptions and misstatements of fact. Specifically, the Complaint states as follows:

> 14. IG is an international consumer products company headquartered in Hong Kong, with its principal United States office located at 701 Cooper Road, Suite 11, Vorhees, New Jersey. Upon information and belief, Prexio is a division and/or affiliate of IG.

**(See Verified Complaint, ¶14, attached to Sutton Declaration as Ex. A).**

As evidenced by the Declaration of Alan J. Sutton, Interactive Group, LLC's sole member, the LLC has never conducted business of any nature and is a New Jersey limited liability company – not an international consumer products company. Moreover, it has absolutely no connection to the Interactive Group Limited in Hong Kong. Third Circuit law is clear that the courts may consider affidavits such as the Sutton Declaration to resolve factual issues bearing on jurisdiction. See Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

Apparently realizing the distinction between the aforementioned entities, Plaintiff has attempted to avoid

6

this dispositive fact by using a general reference to this defendant as "IG" throughout the Verified Complaint. **(See Sutton Declaration, Ex. A)**. This non-specific and incorrect reference does not meet the pleading requirement for stating a cause of action against Defendant, Interactive Group, LLC. Plaintiff has drawn an incorrect "legal conclusion" that Interactive Group, LLC, is somehow legally related to the Interactive Group Limited in Hong Kong and Defendant Prexio. Moreover, Plaintiff does not cite to any facts - something more than "sheer possibility" - which would prove that the LLC has any involvement with any of the remaining defendants.

Based on the foregoing, Defendant Interactive Group, LLC, must be dismissed as a defendant from this action.

**CONCLUSION**

For all the reasons set forth above, Defendant Interactive Group, LLC, respectfully requests that this Court grant this motion to dismiss Plaintiff's Verified Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

In the alternative, Defendant Interactive Group, LLC, seeks (1) a more definite statement in Plaintiff's pleading as to the involvement and/or wrongdoing of Interactive Group, LLC, pursuant to Fed. R. Civ. P. 12(e), or (2) an immediate plenary hearing on the jurisdictional issue before the Court, pursuant to Fed. R. Civ. P. 12(i), in the interests of justice and judicial economy.

Respectfully submitted,

**KOZYRA & HARTZ, LLC**

*/s/Raj Gadhok*

Raj Gadhok (RG 4505)
RajGadhok@KozyraHartz.com
Attorneys for Defendant,
Interactive Group, LLC
75 Eisenhower Parkway, Suite 160
Roseland, New Jersey 07068
Telephone: 973-403-8344

Dated: January 27, 2012