Raj Gadhok, Esq. (RG 4505)
**KOZYRA & HARTZ, LLC**
75 Eisenhower Parkway, Suite 160
Roseland, New Jersey 07068
(973) 403-8344 (Telephone)
(973) 403-9652 (Telefacsimile)
Attorneys for Defendant, Interactive Group, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., a New Jersey Corporation,<br><br>Plaintiff,<br>v.<br><br>BRETT SAEVITZON, ALL THE J'S, LLC, SPOT ON DIRECT RESPONSE, LLC, D R PRODUCT GROUP, LLC, PAUL VON MOHR, INTERACTIVE GROUP, LLC, PREXIO TOYS LTD; and INFOMERICALS, INC.,<br><br>Defendants. | Case No. 11-7548 (WJM)(MF)<br><br><br><br>**CERTIFICATION OF<br>RAJ GADHOK, ESQ.** |

**RAJ GADHOK, ESQ.**, of full age, being duly sworn according to law, upon his oath deposes and says:

1. I am a member of the law firm of Kozyra & Hartz, LLC, counsel for Defendant, Interactive Group, LLC. As such, I have personal knowledge of the facts as set forth herein and make this certification in opposition to Plaintiff's motion to remand

the case to the Superior Court of New Jersey, Chancery Division, Passaic County.

2.  Plaintiff's Verified Complaint names Defendant, Interactive Group, LLC, as a party to this case without the benefit of any facts to support a legitimate cause of action against my client.

3.  As evidenced by the Declaration of Alan J. Sutton (the sole member of Interactive Group, LLC), filed in support of this defendant's recently filed Rule 12(b)(6) motion to dismiss, the entity (1) has never engaged in business operations and does not engage in any business at the present time, and (2) does not currently have, nor has it ever had, any business relationship with any party to this case. **(See Sutton Declaration, attached hereto as Ex. A).**

4.  Moreover, Interactive Group, LLC does not have any business relationship with the Interactive Group Limited which is headquartered in Hong Kong, as has been suggested in Plaintiff's Verified Complaint. **(See Sutton Declaration, attached hereto as Ex. A).** Plaintiff makes a similar incorrect reference in their remand moving papers. **(See Beshada Declaration, Ex. C).**

5.  Plaintiff's litigation strategy is transparent inasmuch as Plaintiff and their legal counsel wish to litigate

their legal claims in their home county (Passaic County) while none of the defendants are citizens of the State of New Jersey. Interactive Group, LLC, was named as a defendant in this case not as a true target for liability, but solely with the goal of defeating an anticipated application for removal to this Court based on diversity jurisdiction. The Court should not tolerate such litigation practices.

6. Based upon the foregoing, I respectfully submit that Plaintiff's motion for remand to the Superior Court of New Jersey should be summarily denied by the Court. I further support and join in any opposition to the remand motion filed by the co-defendants in this matter.

**I HEREBY CERTIFY** that the foregoing statements made by me are true. I am aware that if any of the statements I have made are willfully false, I am subject to punishment.

_____
RAJ GADHOK

Dated: February 7, 2012

**EXHIBIT A**

Raj Gadhok, Esq. (RG 4505)
**KOZYRA & HARTZ, LLC**
75 Eisenhower Parkway, Suite 160
Roseland, New Jersey 07068
(973) 403-8344 (Telephone)
(973) 403-9652 (Telefacsimile)
Attorneys for Defendant, Interactive Group, LLC

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., a New Jersey Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRETT SAEVITZON, ALL THE J'S, LLC, SPOT ON DIRECT RESPONSE, LLC, D R PRODUCT GROUP, LLC, PAUL VON MOHR, INTERACTIVE GROUP, LLC, PREXIO TOYS LTD; and INFOMERICALS, INC., <br><br> Defendants. | Case No. 11-7548 (WJM)(MF) <br><br><br><br> **DECLARATION OF ALAN J. SUTTON** |

I, Alan J. Sutton, hereby declare, under penalty of perjury:

1. I am the sole member of the entity known as Interactive Group, LLC, who has been improperly pled as a defendant in this case.

2. I formed this company on June 9, 2009, with an office location in Voorhees, New Jersey.

3. While Interactive Group, LLC, was formed, the entity has never engaged in any business whatsoever and does not engage in any business at the present time. The entity was formed for no particular purpose other than to participate in future commercial opportunities that may arise. To date, no such opportunities have arisen.

4. Interactive Group, LLC, does not currently have, nor has it ever had, any business relationship with any party to the above-captioned case. More specifically, Interactive Group, LLC does not have any business relationship with the Interactive Group Limited headquartered in Hong Kong, or Defendant Prexio Toys, Ltd., as has been suggested in Plaintiff's Verified Complaint.

5. Other than Interactive Group, LLC, having been formed in New Jersey, the entity has never done anything. Interactive Group, LLC, has never filed tax returns, hired employees, maintained bank accounts or conducted business of any nature since its formation. The entity has been commercially dormant since the day it was formed in 2009. Moreover, the entity did not file an annual report with the State of New Jersey in 2011.

6. I have reviewed the assertions by the attorneys of Plaintiff, IdeaVillage Products Corp., and the representations made by Plaintiff's representative, Anand Khubani, in the

Verified Complaint filed with the Court. **(See Verified Complaint, attached as Ex. A)**. The "facts" provided are all false as they relate to Interactive Group, LLC.

7. Based upon the foregoing, I respectfully submit that there is no basis for Interactive Group, LLC, to continue as a party to this action and respectfully request that the Court dismiss Interactive Group, LLC, from the case as it would be a complete waste of the Court's and the remaining parties' time and resources moving forward with the litigation.

I hereby declare and affirm that to the best of my knowledge, the foregoing statements are true. I am aware that if any such statements are willfully false, I am subject to punishment.

By: _____
ALAN J. SUTTON

Dated: January 26, 2012